UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS,<br><br>  Petitioner,<br><br>  v.<br><br>KEVIN JAMES ALLEN,<br><br>  Respondent. | No. 2:16-cv-1423 CKD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

/////

1

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

It appears petitioner challenges both a revocation of parole and his underlying convictions. Petitioner currently resides within this district, but petitioner was convicted in San Mateo County which lies within the jurisdiction of the United States District Court for the Northern District of California. While both this court and the Northern District have jurisdiction to consider habeas claims regarding petitioner's convictions and sentences, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary for the resolution of such claims are more readily available in San Mateo County. Id. at 499 n.15; 28 U.S.C. § 2241(d).

Good cause appearing, petitioner's habeas petition will be dismissed with leave to amend. In his amended petition, petitioner may challenge the fact that his parole was revoked, assuming petitioner has grounds to do so, and assuming such grounds have not already been adjudicated in federal court or are being adjudicated. Any claims regarding petitioner's underlying convictions and sentences must be brought in a separate action in the Northern District.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's motion for the appointment of counsel (ECF No. 3) is denied.

3. Petitioner is granted 30 days within which to file an amended petition for writ of habeas corpus that complies with the terms of this order. Failure to file an amended petition which complies with the terms of this order within 30 days will result in dismissal.

4. The Clerk of the Court is directed to send petitioner the court's form-application for writ of habeas corpus by state prisoners.

Dated: June 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
broo1423.dis